104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James R. MORROW, Sr., Petitioner-Appellant,
v.
S. Frank THOMPSON, Superintendent, Oregon State
Penitentiary, Respondent-Appellee.
 No. 96-35108.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner James R. Morrow, Sr., appeals pro se the district court's dismissal of his habeas corpus petition. Morrow contends that the district court erred by finding that he procedurally defaulted his claims in the state courts. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and affirm.
 
 
 3
 A state prisoner may not raise a claim on federal habeas if he has defaulted the claim by violating a state procedural rule, absent a showing of cause and prejudice, or actual innocence. Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir.1994). Thus, Morrow is incorrect that the "deliberate bypass" rule set out in Fay v. Noia, 372 U.S. 391, 438-39 (1963) applies to him. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (holding that deliberate bypass rule no longer applies to state habeas petitioners).
 
 
 4
 Morrow missed the deadline for filing his petition for post-conviction relief by two days. The state courts found that the petition was untimely, and refused to consider his claims on the merits.
 
 
 5
 Morrow contends that he was prevented from filing a timely petition by prison officials. He failed to prove these allegations in the state courts, however. The Oregon Court of Appeals held that Morrow's petition was properly dismissed because he did not allege facts in his untimely petition that would establish that the grounds for relief could not have been raised timeously. We agree that Morrow has alleged no facts showing that he was prevented by prison officials from filing his petition within the 120-day statute of limitations.
 
 
 6
 Morrow argues that Houston v. Lack, 487 U.S. 266, 270 (1988), should apply and therefore his petition should be deemed filed when it was mailed two days before the deadline. The rule in Houston, however, was an interpretation of the Federal Rules of Appellate Procedure. See id. at 268, 272-73. Oregon state courts do not employ the Federal Rules of Appellate Procedure.
 
 
 7
 Because Morrow fails to show cause or prejudice for his procedural default, or a showing of actual innocence, he is barred from presenting his claims on federal habeas. See Wells, 28 F.3d at 1008.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3